UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAWRENCE MERIWETHER,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>    Defendant. | Case No.1:20-cv-01003 |

## COMPLAINT

**NOW COMES** LAWRENCE MERIWETHER, by and through his undersigned counsel, complaining of Defendant HUNTER WARFIELD, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LAWRENCE MERIWETHER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Pflugerville, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. HUNTER WARFIELD, INC. ("Defendant") is a corporation organized under the laws of Florida.

8. Defendant maintains its principal place of business at 4620 Woodland Corporate Blvd., Tampa, FL 33614.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## **FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 8508.

14. At all times relevant, Plaintiff's number ending in 8508 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In April 2020, Plaintiff started to receive phone calls from Defendant to his cellular phone.

17. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

18. During the first answered call with Defendant, Defendant advised Plaintiff that it was attempting to collect a debt arising from an alleged defaulted apartment lease that Plaintiff and his wife were allegedly liable for ("subject debt").

19. The call ended without any payment being made on the subject debt.

20. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

21. Defendant's collection calls persisted at a rate of 1-2 calls per day.

22. Each time Plaintiff did not answer Defendant's calls, Defendant would immediately place a call to Plaintiff's wife.

23. Each time Plaintiff answered Defendant's calls, he was met by a lengthy period of dead air prior to being connected to an agent.

24. In August 2020, Plaintiff attempted to settle the subject debt with Defendant without success.

25. In August 2020, frustrated with Defendant's reluctance to settle the subject debt, Plaintiff requested that Defendant cease its collection calls during a phone call with Defendant.

26. Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued to place collection calls to Plaintiff's cellular phone.

27. On September 25, 2020, Defendant called Plaintiff's wife and threatened to file a lawsuit against his wife to collect the subject debt.

28. On September 25, 2020, after being notified of Defendant's threat to take legal action, Plaintiff called Defendant in an effort to settle the subject debt.

29. During this call, Defendant's representative (1) threatened to sue Plaintiff and his wife to collect the subject debt; (2) advised Plaintiff to "have his lawyer ready"; and (3) used profane language directed at Plaintiff.

30.     After a heated conversation, Plaintiff again requested that Defendant stop harassing him and his wife.

31.     Despite Plaintiff's repeated requests that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls and false threats to take legal action.

32.     In total, Defendant placed no less than 50 harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

## **DAMAGES**

33.     Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

34.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

35.     Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

36.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.     Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

39.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

40.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

41.     Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

42.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

43. Defendant violated the TCPA by placing no less than 50 harassing phone calls to Plaintiff's cellular phone using an ATDS without his consent.

44. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

45. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

46. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

48. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

    a.  **Violations of FDCPA §1692d**

49.    Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

50.    § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

51.    Defendant violated §§ 1692d and d(5) when it placed at least 50 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

52.    Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

53.    Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

54.    The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    b.  **Violations of FDCPA § 1692e**

55.    Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

56.    Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

57. Defendant violated §§ 1692e and e(5) by threatening to take legal action against Plaintiff that it cannot take and had no intention of taking.

58. Specifically, Defendant does not own the subject debt and therefore does not have legal standing to take legal action to collect the subject debt.

### c. Violations of FDCPA § 1692g

59. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

60. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in April 2020.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

61. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

63. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

64. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: September 30, 2020		Respectfully submitted,

**LAWRENCE MERIWETHER**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com